UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRIAN D SHERMAN,<br><br>                    Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                   Defendants. | CASE NO. C20-0191JLR<br><br>ORDER DISMISSING COMPLAINT |

## I. INTRODUCTION

Before the court are (1) *pro se* Plaintiff Andrian D. Sherman's complaint for violation of his civil rights (Compl. (Dkt. ## 1-1, 4); and (2) Magistrate Judge Brian A. Tsuchida's order granting Mr. Sherman *in forma pauperis* ("IFP") status and recommending that the court review Mr. Sherman's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) prior to issuing summons (IFP Order (Dkt. # 3) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a complaint is frivolous, malicious, fails to state

ORDER - 1

a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints" and not just those filed by prisoners). As discussed below, Mr. Sherman's complaint falls within the category of pleadings that the court must dismiss.

## II. BACKGROUND[1]

Mr. Sherman alleges that he was wrongfully convicted of a crime arising out of an incident that occurred in Seattle, Washington, on April 1, 2001. (*See* Compl. at 6.)[2] He alleges that on January 23, 2003, following two criminal trials, he was found guilty of first-degree aggravated assault with a deadly weapon. (*Id.* at 14.) He avers that he served a prison sentence of eleven years and three months and was released on July 12, 2012. (*Id.*)

Specifically, Mr. Sherman alleges that the assistant prosecutors and his public defenders "did with hold [sic] exculpatory evidence and collaborated in conspiracy to fabricate a crime against [him]." (*Id.* at 11.) He asserts that he was put on trial twice but "only convicted . . . a second time and forced to go back to prison for refusing to give into the threat to sign a plea bargain admitting a crime that never took place." (*Id.*) Mr.

//

---

[1] Because Mr. Sherman is *pro se*, the court liberally construes his complaint. *See Ross v. Williams*, 950 F.3d 1160, 1173 (9th Cir. 2020) ("[C]ourts are obligated to 'liberally construe[ ]' documents filed *pro se* . . . .") (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)) (second alteration in *Ross*).

[2] The court cites to the page numbers generated by the court's electronic filing system known as CM/ECF.

Sherman contends that he suffered a variety of damages due to his alleged wrongful conviction. (*See id.* at 14-18.) He seeks $100 million in damages for the time he was incarcerated and an additional $500 million for a variety of other damages. (*See id.* at 17-18.)

Mr. Sherman names four defendants in his complaint. (*See id.* at 2-3.) He names two King County assistant prosecuting attorneys, Steven Hobbs and Catherine Marie McDowal. (*Id.* at 2.) He also names two public defenders, Byron Ward and Alice Mary Zaleski, whom he alleges defended him during his criminal trials. (*Id.* at 2-3.)

### III. ANALYSIS

**A. Standards**

After granting a request to proceed IFP, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e).[3] Federal courts "shall dismiss" a case if the court finds that the complaint is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous under § 1915(e)(2)(B) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The standard for determining whether a plaintiff has failed to state a claim under § 1915(e)(2) is the same as under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. C*arter, 668 F.3d 1108, 1112 (9th Cir. 2012),

//

---

[3] "Section 1915(e) applies to all cases in which the plaintiff is proceeding [IFP], including plaintiffs who are not prisoners." *Endsley v. Cal. Dep't of State Hosps.*, No. C17-5038 WHA, 2018 WL 10425914, at *3 (N.D. Cal. Feb. 12, 2018).

*see also* Fed. R. Civ. P. 12(b)(6).  In other words, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Nevertheless, "before dismissing a *pro se* civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Here, even presuming Mr. Sherman's allegations are true, the court concludes that his complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27.

**B.     Claims against Defense Counsel**

Mr. Sherman alleges civil rights claims under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See* Compl. at 4-5.)  "Actions under § 1983 and those under *Bviens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  Mr. Sherman seeks to hold purported state actors liable for alleged civil rights violations.  (*See generally* Compl.)  Thus, although Mr. Sherman purports to bring *Bivens* claims, the court liberally construes his claims to arise under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the

//

United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atk*ins, 487 U.S. 42, 48 (1988).

As noted above, Mr. Sherman names two individuals as defendants who he alleges served as his defense counsel during his criminal trials. (*See* Compl. at 2-3, 11.) However, Mr. Sherman cannot seek money damages for alleged civil rights violations against his public defenders because they are neither state nor federal actors. A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Attorneys appointed to represent a criminal defendant during trial do not generally act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). Indeed, when publicly-appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color of state law for 42 U.S.C. § 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark Cty.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that the public defender defendant was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county"). Accordingly, the court dismisses Mr. Sherman's claims against his

defense counsel, Mr. Ward and Ms. Zaleski, for failing to state a claim upon which 42 U.S.C. § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez*, 203 F.3d at 1126-27.

Moreover, to the extent Mr. Sherman seeks damages under 42 U.S.C. § 1983 based on the alleged ineffective assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . .'") (quoting *Heck*, 512 U.S. at 489). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to the plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Id.* at 649.

//

Here, Mr. Sherman's ineffective assistance of counsel claims against his defense counsel "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *See Heck*, 512 U.S. at 487. If Mr. Sherman were to succeed in showing that his defense counsel rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction and incarceration. *See id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (concluding that to succeed on an ineffective assistance claim the petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that but for his counsel's errors the result of the trial would have been different). Thus, because Mr. Sherman has not alleged that his conviction has been invalidated, any claim he may have under 42 U.S.C. § 1983 for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

**C.     Claims against Assistant Prosecutors**

Likewise, the court dismisses Mr. Sherman's claims for money damages against the assistant prosecutors, Mr. Hobbs and Ms. McDowal. Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties, which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Thus, the court dismisses Mr. Sherman's claims against Mr. Hobbs and Ms.

//

McDowal pursuant to 28 U.S.C. § 1915(e)(2)(B) (iii) for seeking monetary relief against defendants who are immune from such relief with prejudice and without leave to amend.

Accordingly, the court concludes that it must *sua sponte* dismiss Mr. Sherman's entire complaint because it seeks monetary damages against immune defendants and it fails to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing analysis, the court DISMISSES Mr. Sherman's complaint (Dkt. # 4) for failing to state a claim upon which relief may be granted and for seeking monetary damages against immune defendants. *See* 28 U.S.C § 1915(e)(2)(B)(ii), (iii). Mr. Sherman's claims against Mr. Hobbs and Ms. McDowal are dismissed with prejudice and without leave to amend. The remainder of Mr. Sherman's complaint is dismissed without prejudice. Further, the court GRANTS Mr. Sherman 20 days from the filing date of this order to file an amended complaint that cures the deficiencies of the pleading noted above. If Mr. Sherman fails to timely file an amended complaint or if his amended complaint does not cure the deficiencies cited herein or otherwise fails to state a claim

//
//
//
//
//
//

upon which relief may be granted, the court will dismiss Mr. Sherman's action without further leave to amend.

Dated this 25th day of March, 2020.

JAMES L. ROBART
United States District Judge